# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| YAKIMA BEALE, *et al.* | * |
| Plaintiff, | * |
| v. | *   Case No.: PWG-17-1683 |
| EMPERIAN VILLAGE OF MARYLAND, LLC | * |
| Defendant. | * |

## MEMORANDUM OPINION AND ORDER

Plaintiff Yakima Beale, on behalf of herself and minor Plaintiff C.B., filed suit in state court for negligence and breach of contract, seeking money damages in excess of $70,000.00. Compl. 7, ECF No. 2. After Plaintiffs' counsel confirmed via email that Plaintiffs actually sought in excess of $75,000, Defendant Emperian Village of Maryland, LLC ("Emperian") removed to this Court. Not. of Rem. ¶ 3(e), ECF No. 1. Pending is Plaintiffs' Motion to Remand. Mot. to Rem., ECF No. 14. Because the parties are diverse and Plaintiffs' counsel's email established that the jurisdictional amount was sufficient for this action to be removed properly to this Court, I will deny Plaintiffs' motion.

## Background

Plaintiffs commenced a civil action in the Circuit Court for Prince George's County, Maryland, against Defendant for negligence and breach of contract. Compl. ¶¶ 21, 22, 25, 29. In the Complaint, Plaintiffs requested that "the Court award money damages in an amount in excess of $70,000[,]" exclusive of attorney's fees or other costs. *Id.* at 7. On June 13, 2017,

Defense counsel sent an email to Plaintiffs' counsel, asking whether she intended to "state that Plaintiffs seek an amount in excess of $75,000.00, not $70,000.00" in the Complaint. Email., ECF No. 16-2. Twenty minutes after the email was sent, Plaintiffs' counsel responded and confirmed that "the Complaint should state that Plaintiffs seek an amount in excess of $75,000.00, not $70,000.00." *Id.* Based on that correspondence, on June 19, 2017, Defendant filed its Notice of Removal removing the case to this Court on the basis of diversity jurisdiction. Not. of Rem. On June 20, 2017, following Defendant's removal of the case to federal court, Plaintiffs' counsel sent an email to Defense counsel stating that the Plaintiffs were "adamant" that Plaintiffs' counsel leave the damages request in the Complaint as "in excess of $70,000" rather than "in excess of $75,000." Email. Defense counsel did not respond to this email. Plaintiffs then filed a Motion to Remand.[1]

## Standard of Review

Pursuant to 28 U.S.C. § 1332(a), federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States . . . ." When a plaintiff files such an action in state court, the action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Additionally, "the amount in controversy for jurisdictional purposes is determined at the time of removal." *Ross v. Mayor & City Council of Baltimore*, No. ELH-14-369, 2014 WL 2860580, at *5 (D. Md. June 20, 2014).

---

[1] The parties fully briefed the motion. ECF Nos. 16, 17. A hearing is not necessary. *See* Loc. R. 105.6.

Generally, a defendant must file a notice of removal "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Providing certain exceptions, 28 U.S.C. § 1446(b)(3) states:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order **or other paper** from which it may first be ascertained that the case is one which is or has become removable.

(Emphasis added).

## Discussion

It is undisputed that the parties are diverse as both Yakima and C.B. are residents of Maryland and Emperian "is a foreign entity[] [that] has its principal place of business located in Wilmington, Delaware." Compl. ¶ 2. As such, Plaintiffs' argument for remand hinges on the amount in controversy. Mot. to Rem. 1.

Plaintiffs argue that since their Complaint requests damages "in excess of $70,000.00[,]" this Court does not have jurisdiction over this action. *Id.* Additionally, Plaintiffs contend that courts have not held that email exchanges constitute "other papers" under 28 U.S.C. § 1446(b)(3). Pls.' Reply 2, ECF No. 17. In its Opposition, Defendant argues that the Complaint is not the exclusive source for determining an amount in controversy and that email correspondence may be considered "other papers" under 28 U.S.C. § 1446(b)(3). Opp'n 2–4, ECF No. 16. Defendant is correct. The Fourth Circuit has held that the "other papers" requirement of 28 U.S.C. § 1446(b) "is broad enough to include any information received by the defendant, whether communicated in a formal or informal manner." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1986). In *Mirowski Family Ventures, LLC v. Boston Scientific*

3

*Corp.*, this Court found that an email satisfied the "other papers" requirement of 28 U.S.C. § 1446(b)(3). No. WDQ-13-2627, 2014 WL 2574615, at *5 n.20 (D. Md. June 5, 2014) (citing *Wright v. Dollar Gen. Store No. 4722/Dolgencorp, LLC*, No. 13–1447–MGL, 2014 WL 509214, at *3 (D.S.C. Feb. 7, 2014) (holding that emails between counsel qualify as "other papers" under § 1446(b)). I find that the authority cited above is persuasive, and that the June 13, 2017 email correspondence between the parties satisfies the "other papers" requirement found in 28 U.S.C. § 1446(b). As this email correspondence stating that the amount in controversy exceeded the jurisdictional minimum was the basis for Defendant's filing of its Notice of Removal and because Defendant filed its Notice of Removal in good faith and within 30 days of June 13, 2017 email correspondence, Defendant's Notice of Removal was sufficient under 28 U.S.C. § 1446(b).

Plaintiffs erroneously rely on *Castro v. Maxim Healthcare Services, Inc.*, No. 11-2839-JHN-FFM, 2011 WL 2461930 (C.D. Cal. June 20, 2011), as "analogous" to this case. Pls.' Reply. Although the *Castro* Court concluded that the emails exchanged in that case were insufficient to provide a jurisdictional basis for removal and therefore remanded the case back to state court, it did so because the relevant emails "did not contain any *new* information" compared to what was contained in the complaint. *Castro*, at *3 (emphasis in original). Due to the lack of new information in the emails, the court held that there was no justification to deviate from the original 30-day window provided by 28 U.S.C. § 1446(b), and the *Castro* Court remanded the action back to state court because the notice of removal's filing was not timely. *Id.* at *4. And, although not mentioned in Plaintiffs' Reply, the *Castro* court agreed that "[e]mails may be deemed 'other paper[s]' within the meaning of § 1446(b)." *Id.* at *3. Here, the June 13, 2017 emails contained new information that made the action removable, and the Defendant timely filed its Notice of Removal within thirty days of ascertaining the removable information.

## **ORDER**

Accordingly, it is this 24th day of August, 2017, hereby ORDERED that Plaintiffs' Motion to Remand, ECF No. 14, IS DENIED.

/S/
Paul W. Grimm
United States District Judge