# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| YAKIMA BEALE, *et al.*, | * |
| Plaintiffs, | * |
| v. | *   Case No.: PWG-17-1683 |
| EMPERIAN VILLAGE OF MARYLAND, LLC, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Yakima Beale, individually and on behalf of her minor child (together, "Beale"), filed suit in state court on May 2, 2017, without demanding a jury trial. ECF No. 2. Four months after Defendant Emperian Village of Maryland, LLC ("Emperian") removed the case to this Court, ECF No. 1, Beale filed a jury demand, ECF No. 26. Emperian filed a letter motion to strike the jury demand as untimely, ECF No. 27, which the parties have fully briefed informally, ECF Nos. 31, 32. A hearing is not necessary. *See* Loc. R. 105.6. In the interest of justice, I will construe the jury demand as a Rule 39(b) motion for a jury trial. *See* Fed. R. Civ. P. 1. Nonetheless, because the factors that the Fourth Circuit identified in *Malbon v. Pa. Millers Mut. Ins. Co.*, 636 F.2d 936, 940 n. 11 (4th Cir. 1980), weigh against a jury trial, I will deny the motion. *See Malbon*, 636 F.2d at 940 & n.11; *Gen. Tire & Rubber Co. v. Watkins*, 331 F.2d 192, 197–98 (4th Cir. 1964), *cert. denied*, 377 U.S. 952 (1964); *see also Fliakas v. Army Navy Country Club*, 798 F.2d 1408, 1986 WL 16277, at *2 (4th Cir. 1986) (unpublished).

**Discussion**

Failure to file a timely jury demand is a waiver of the right to trial by jury. *See* Fed. R. Civ. P. 38(b), (d). Thus, "[i]ssues on which a jury trial is not properly demanded are to be tried by the court," unless a motion for a jury trial is filed, in which case "the court may . . . order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). Consequently, a Rule 39(b) motion is a request for "relief from a waiver." *Gen. Tire*, 331 F.2d at 197.

Once the plaintiff has waived its right, "the decision to grant a jury trial pursuant to Rule 39(b) is committed to the discretion of the trial court." *Malbon*, 636 F.2d at 940; *see also Gen. Tire*, 331 F.2d at 197 (noting that the trial court has the discretion to grant or deny a motion for jury trial, and "the appellate courts normally refuse to interfere"). The Court weighs the following factors in deciding a Rule 39(b) motion:

> (1) whether the issues are more appropriate for determination by a jury or a judge (i.e., factual versus legal, legal versus equitable, simple versus complex); (2) any prejudice that granting a jury trial would cause the opposing party; (3) the timing of the motion (early or late in the proceedings); (4) any effect a jury trial would have on the court's docket and the orderly administration of justice.

*Malbon*, 636 F.2d at 940 n.11 (internal citations to *Gen. Tire*; *Segal v. Am. Cas. Co. of Reading, Pa.*, 250 F. Supp. 936, 940 (D. Md. 1966); *Wash. Cty. Ins. Co. v. Wilkinson*, 19 F.R.D. 177, 178 (D. Md. 1956); and cases from other circuits omitted)); *see Gen. Tire*, 331 F.2d at 197 (concluding that there was no abuse of discretion in not granting motion for jury trial in patent litigation, after considering the complexity and difficulty of the case; the additional time required for a jury trial; and the immediacy with which a jury must resolve a case, compared to a court's ability to request additional briefing and argument before resolving issues); *Macsherry v. Sparrows Point, LLC*, No. ELH-15-22, 2017 WL 5591798, at *5 (D. Md. Nov. 17, 2017)

(applying *Malbon* factors); *Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 28 F. Supp. 3d 465, 474 (D. Md. 2014) (applying *Malbon* factors). This Court also has considered a fifth factor: the moving party's explanation for its delay. *See Macsherry*, 2017 WL 5591798, at *6, *8; *Sky Angel*, 28 F. Supp. 3d at 474, 477–78.

### 1. *Suitability of the Issues for Judge or Jury*

Beale's claims sound in breach of contract and negligence, based on the alleged presence of "toxic mold," "rodent infestation," and "faulty bathroom exhaust" in the apartments that Ms. Beale rented from Emperian and in which she lived with her minor child. Compl. ¶¶ 8–20. She claims that the conditions negatively affected her health, and that of her child. *Id.* ¶¶ 10, 18. The conditions and Plaintiffs' health are certainly factual issues, and Beale argues that "[t]hese types of claims are commonly tried before juries . . . and the facts of this particular case are not so complicated that they would be ill-suited for a jury." Pl.'s Opp'n 1. But, Emperian contends that "personal injury from exposure to 'toxic mold'" is an issue "where the science has not reached any level of acceptance by the general scientific and/or medical community or outright rejected." Def.'s Reply 3 n.2. Because there are predominantly factual issues but the potential for a complex legal issue, this factor does not weigh in favor of either a jury trial or a bench trial. *See Malbon*, 636 F.2d at 940 n.11; *Gen. Tire*, 331 F.2d at 197; *Segal*, 250 F. Supp. at 940.

### 2. *Prejudice*

The Fourth Circuit described the second factor as prejudice that the *opposing party* would suffer if a jury trial were granted, *see Malbon*, 636 F.2d at 940 n.11, but this Court also has considered whether "the nature of the case is such that *one or the other of the parties* is likely to be really prejudiced by the failure to have a jury trial." *Wilkinson*, 19 F.R.D. at 178 (emphasis added). Given that neither party has identified any prejudice whatsoever, I cannot conclude that

3

any significant prejudice exists. *See Vannoy v. Cooper*, 872 F. Supp. 1485, 1490 (E.D. Va. 1995) ("The only possible prejudice that the court can discern is that the defendants may have conducted discovery on the belief that they were preparing for a bench trial and may not have conducted some discovery that they would have done in preparation for a jury trial. However, *because the defendant has made no such argument, the court is unable to conclude that such prejudice in fact exists in this case*. Also, because the possibility of a jury trial was discussed at the pre-trial conference, more than a month before discovery cut-off, the defendants had some opportunity to prepare for a potential jury trial. Therefore, the court finds only a minimal potential for prejudice against the defendants." (emphasis added)); *see also Segal*, 250 F. Supp. at 940 (denying motion in part because "the court c[ould] see no possible prejudice which would result from a trial before the court without a jury"). Beale argues Emperian will not be prejudiced because "discovery is still underway and a trial date has not been set," such that Emperian "still has sufficient time to make any changes to its trial strategy." Pl.'s Opp'n 1. It is true that Beale filed her demand on November 1, 2017, with discovery set to close January 12, 2018, ECF No. 21, leaving time (albeit a brief period) to take additional discovery. Also, a trial date has not been set, such that Emperian could seek an extension of the discovery period. Were discovery to be extended, however, the need for additional discovery and the prolonging of the case would cause some prejudice to Emperian. This factor weighs ever so slightly against granting the motion.

### 3. *Timing of Motion*

Beale admits that she did not make a timely jury demand. Pl.'s Opp'n 1. Indeed, Beale sought a jury trial more than four months after the case was removed to this Court and half a year after filing suit. Yet Beale insists that the timing, like prejudice, does not weigh against her

4

because Emperian had the opportunity to tailor its discovery to a jury trial, and a trial date has not been set. Pl.'s Opp'n 1. As noted, while Beale's request for a jury trial was far from timely, it is true that it was made during discovery and before trial was set. But, because granting the motion could necessitate extending discovery and the delayed filing of the motion has postponed the scheduling of trial to allow the issue to be briefed and my resolution, this factor also weighs slightly against granting the motion.

*4. The Effects of a Jury Trial "on the Court's Docket and the Orderly Administration of Justice*

This Court has observed that Rule 1 requires construction of the Federal Rules to effect the "just, speedy, and inexpensive" resolution of cases, and that bench trials are faster and less expensive than jury trials. *Wilkinson*, 19 F.R.D. at 178 (finding that issues of law predominated and denying motion for jury trial where last minute request for a jury trial necessitated the postponement of trial). Yet, it also has noted that "a bench trial has its own resource costs, albeit outside the courtroom in the form of producing a detailed opinion making findings of fact and conclusions of law." *Sky Angel*, 28 F. Supp. 3d at 477. The parties have not identified any circumstances that would cause a jury trial to have more or less of an effect in this case. This factor, thus, is neutral. *See id.*; *Wilkinson*, 19 F.R.D. at 178.

However, I note that Rule 38(b)(1) requires a jury demand to be filed and served within fourteen days after service of the last pleading directed to the issue for which a jury trial is requested, and Rule 38(d) provides that a failure to do so waives the right to a jury trial. Consequently, even if a jury trial would not negatively impact the administration of justice, the simple filing of an untimely demand, as Beale did, even when construed as a motion, interrupts the orderly administration of justice. Instead of the type of trial being set at the outset of

discovery by a simple filing, the parties had to brief the motion, I have to resolve it, and in the meantime, the case still has not been set for trial.

### 5. *Explanation for Delay*

Beale's counsel explained that she originally included a jury trial demand in an earlier draft of her pleadings, but she inadvertently omitted it in revising the Complaint and overlooked the omission when filing suit. *Id.* at 2. When she was preparing for the November 6, 2017 Rule 30(b)(6) deposition, she noted the oversight and acted promptly. *See id.*; Status Report, ECF No. 33 (noting date of corporate designee deposition).

In Emperian's view, Beale's "lack of any explanation other than inadvertence, 'outweighs those factors which favor granting the motion.'" Def.'s Reply 2–3 (quoting *Vannoy*, 872 F. Supp. at 1491). *Vannoy* is inapposite because there, "the court queried whether the action was to be tried by a jury, thereby flushing the issue for discussion," and the plaintiff did not request a jury until five weeks later, within a week of the close of discovery. 872 F. Supp. at 1490. The court based its denial of the motion on the facts that "[t]he record reflect[ed] no reason for th[e] delay" and that "there [was] no time for the defendants to do any additional discovery that might be more appropriate for a jury trial than a bench trial," and "perhaps more importantly, [that] plaintiff and her counsel [could not] even contend that they acted as soon as they became aware of the need to move for a jury trial." *Id.* Here, in contrast, I did not "flush[] the issue for discussion," and as noted, the timing of Beale's jury request gave Emperian two months of discovery to prepare or seek an extension of the discovery deadline, should I grant the request. Also, Plaintiffs' counsel acted promptly when she realized her oversight.

Nonetheless, the Fourth Circuit has stated that a trial court may "deny a Rule 39(b) motion . . . when the failure to make a timely demand for a jury trial results from mere

6

inadvertence on the part of the moving party." *Fliakas*, 1986 WL 16277, at *2 (quoting *Bush v. Allstate Ins. Co.*, 425 F.2d 393, 396 (5th Cir. 1970)). In *Fliakas*, the Fourth Circuit concluded that there was no abuse of discretion where "the jury demand had been inadvertently dropped in word processing," which the appellant court viewed as a "feeble" excuse. 1986 WL 16277, at *2. Here, from the date of removal (June 19, 2017) until Beale filed her untimely demand (November 1, 2017), the second line of the docket, immediately below the filing date, stated clearly: "Jury Demand: None." And, on the Civil Cover sheet, where it said "CHECK YES only if demanded in complaint," the check box following "**JURY DEMAND**" was not checked. ECF No. 1-1. This was sufficient to put Plaintiffs' counsel on notice that she failed to demand a trial by jury. Thus, her only explanation amounts to a failure to double check her work or review the filings or docket in this case at any point during the four months after the case was removed. This factor weighs against granting the motion. *See Sky Angel*, 28 F. Supp. 3d at 477–78 (concluding that the final factor "point[ed] against Defendants," who "acknowledge[d] that they failed to file timely a jury demand" and "explain[ed] that their original lead counsel . . . failed to include a jury demand and its current lead counsel . . . proceeded on the mistaken belief that such a demand had been made"; reasoning that "the apparent inadvertence [was] disappointing" and "Defendants' explanation for their delay . . . d[id] not help their cause").

Under these circumstances, in which two factors are neutral, two weigh ever so slightly against granting the motion, and the final factor weighs decidedly against granting the motion, I will exercise my discretion to deny the motion. *See Fliakas*, 1986 WL 16277, at *2; *Sky Angel*, 28 F. Supp. 3d at 477–78; *see also Malbon*, 636 F.2d at 940 n.11; *Gen. Tire*, 331 F.2d at 197; *Segal*, 250 F. Supp. at 940; *Wilkinson*, 19 F.R.D. at 178.

## **Order**

Accordingly, it is, this 25th day of January, 2018, hereby ORDERED that

1. Plaintiff's untimely jury demand, construed as a Rule 39(b) motion for a jury trial, IS DENIED, and consequently,

2. Emperian's letter motion to strike jury demand, ECF No. 27 IS DENIED AS MOOT.

A conference call is set for February 6, 2018, 2018, at 2 p.m. to discuss the parties' status report, ECF No. 33, and to schedule a bench trial. I note that neither party submitted a letter describing a proposed dispositive motion, as required by § 3 of the Scheduling Order, and that Emperian stated that it did not intend to file a dispositive motion if the case is to be tried before the Court. Therefore, because there will be a bench trial, it is my understanding that neither party will be filing a dispositive motion. Notwithstanding the fact that there may not be any dispositive motions filed because the trial will be before me, not a jury, the filings are clear that I will be called upon to rule on the admissibility of the Plaintiffs' expert evidence regarding the causal relationship (if any) between the Plaintiffs' symptoms and exposure to toxic mold. To enable me to do so I will need to review the Fed. R. Civ. P. 26(a)(2) disclosures filed by the parties and any related discovery of expert opinions. Counsel will be prepared to discuss this will be at the status conference.

/S/
Paul W. Grimm
United States District Judge